UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

WILLIAM SAVARESE,

                                   Plaintiff,

     -against-

CITY OF NEW YORK, MATTHEW REGINA, and JOHN and JANE DOE 1 through 10, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                   Defendants.

**COMPLAINT**

Index No.:

Jury Trial Demanded

------------------------------------------------------------------------------X

Plaintiff WILLIAM SAVARESE, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff WILLIAM SAVARESE is a thirty-one-year old resident of Staten Island, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, MATTHEW REGINA and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     On September 21, 2016, beginning at approximately 6:00 p.m., claimant was inside of the 120th Police Precinct station house, located at 78 Richmond Terrace, Staten Island, New York, when he was unjustifiably assaulted by NYPD officers including defendant MATTHEW REGINA.

13.     During the assault, REGINA handcuffed plaintiff behind his back and then, without limitation, punched plaintiff two times, and, with the assistance of JOHN DOE 1, dragged plaintiff by his handcuffed arms out of the cell.

14.     Once in the hallway, defendants JOHN DOE 3 and 4 also assisted in physically touching and pushing plaintiff.

15.     Plaintiff was pushed forcefully into a wall by the defendants, causing his face to strike the wall, and resulting in injuries to plaintiff's face.

16.     Plaintiff was also pushed to the floor, and defendants, including REGINA, put knees in plaintiff's back, and pulled his arms up in a painful manner, and thereafter continued to pull on his arms, causing gratuitous pain.

17.     As a result of the above use of unnecessary force, plaintiff sustained injuries to his face and shoulder, resulting in ongoing *sequelae*, and necessitating emergency medical treatment at Richmond University Medical Center while in custody, and as well as medical treatment thereafter.

18.     Defendants JOHN and JANE DOE 1 through 10 either participated in aspects of the above assault or stood by and failed to intervene in the above use of excessive force, despite a meaningful opportunity to do so, and/or otherwise supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

19. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

20. All of the aforementioned acts deprived plaintiff WILLIAM SAVARESE of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

21. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

22. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

23. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

24. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and pursuant to customs or practices of using excessive force.

25. The aforesaid event is not an isolated incident. Defendant City of New York is aware from investigations by the New York City Department of Investigation Office of the Inspector General, lawsuits, notices of claims, and complaints filed with the NYPD'S Internal

Affairs Bureau, and the City of New York's Civilian Complaint Review Board that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force.

26. Further, with respect to the custom and practice of using excessive force, and lack of training in that regard, the New York City Department of Investigation Office of the Inspector General for the NYPD issued a report on October 1, 2015, available on the City of New York's website at http://www.nyc.gov/html/oignypd/assets/downloads/pdf/oig_nypd_use_of_force_ report_-_oct_1_2015.pdf. Said report acknowledged that between the years of 2010 and 2014 the Civilian Complaint Review Board substantiated 179 force cases. The report further affirmed the lack of proper training, policies, practices, and discipline of NYPD officers with respect to use of force, finding that the "NYPD's current use-of-force policy is vague and imprecise, providing little guidance to individual officers on what actions constitute force." The report further found that the NYPD frequently failed to impose discipline when provided with evidence of excessive force.

27. Defendant City is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant City has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

28. Moreover, upon information and belief, defendant City was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant City has retained these officers, and failed to adequately train and supervise them.

29. As a result of the foregoing, plaintiff WILLIAM SAVARESE sustained, *inter alia*, physical injuries, emotional distress, and deprivation of his constitutional rights.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983 against the Individual Defendants)

30. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff WILLIAM SAVARESE'S constitutional rights.

32. As a result of the aforementioned conduct of defendants, plaintiff WILLIAM SAVARESE was subjected to excessive force and sustained serious physical injuries and emotional distress.

33. As a result of the foregoing, plaintiff WILLIAM SAVARESE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983 against the Individual Defendants)

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. Defendants had an affirmative duty to intervene on behalf of plaintiff WILLIAM SAVARESE, whose constitutional rights were being violated in their presence by other officers.

36. Defendants failed to intervene to prevent the unlawful conduct described herein.

37. As a result of the foregoing, plaintiff WILLIAM SAVARESE was subjected to excessive force and he was put in fear of his safety.

38. As a result of the foregoing, plaintiff WILLIAM SAVARESE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THRID CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983 against the Individual Supervisory Defendants)

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

41. As a result of the foregoing, plaintiff WILLIAM SAVARESE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FORTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

44. The City of New York engaged in a policy, custom or practice of using excessive force and inadequate screening, hiring, retaining, training and supervising its employees

regarding the use of force that was the moving force behind the violation of plaintiff WILLIAM SAVARESE'S rights as described herein. As a result of the failure of the City of New York to properly train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

45. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff WILLIAM SAVARESE.

46. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff WILLIAM SAVARESE as alleged herein.

47. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff WILLIAM SAVARESE as alleged herein.

48. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff WILLIAM SAVARESE was subjected to physical abuse.

49. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff WILLIAM SAVARESE'S constitutional rights.

50. All of the foregoing acts by defendants deprived plaintiff WILLIAM SAVARESE of federally protected rights, including, but not limited to, the right:

  A. To be free from excessive force; and

  B. To be free from the failure to intervene.

51. As a result of the foregoing, plaintiff WILLIAM SAVARESE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

52. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

54. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

55. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

56. Plaintiff has complied with all conditions precedent to maintaining the instant action.

57. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Assault under the laws of the State of New York Against All Defendants)

58. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

9

paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. As a result of the foregoing, plaintiff WILLIAM SAVARESE was placed in apprehension of imminent harmful and offensive bodily contact.

60. As a result of defendants' conduct, plaintiff WILLIAM SAVARESE has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

61. The individually named defendants assaulted plaintiff. Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

62. As a result of the foregoing, plaintiff WILLIAM SAVARESE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Battery under the laws of the State of New York against All Defendants)

63. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. Defendants made offensive contact with plaintiff WILLIAM SAVARESE without privilege or consent.

65. As a result of defendants' conduct, plaintiff WILLIAM SAVARESE suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

66. Defendant City, as employer of JOHN DOE 1, is responsible for said officer's

wrongdoing under the doctrine of *respondeat superior*.

67. As a result of the foregoing, plaintiff WILLIAM SAVARESE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff WILLIAM SAVARESE demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
December 20, 2017

                    BRETT H. KLEIN, ESQ., PLLC
                    Attorneys for Plaintiff WILLIAM SAVARESE
                    305 Broadway, Suite 600
                    New York, New York 10007
                    (212) 335-0132

                    By:    s/ Brett Klein
                           BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

WILLIAM SAVARESE,

                                                  Plaintiff,

      -against-

CITY OF NEW YORK, MATTHEW REGINA, and JOHN
and JANE DOE 1 through 10, Individually, (the names John
and Jane Doe being fictitious, as the true names are presently
unknown),

                                                  Defendants.

---------------------------------------------------------------------------------X

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132